IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re: GLORIA RODRIGUEZ ) **Debtor** ) ) CREDIT ACCEPTANCE CORPORATION ) **Moving Party** ) ) v. ) ) GLORIA RODRIGUEZ ) MARVIN PAGAN ) **Respondent** ) ) KENNETH E. WEST ) **Trustee** ) ) ) | CHAPTER 13 Case No.: 21-12654 (MDC) **Hearing Date: 5-24-22 at 10:30 AM** 11 U.S.C. 362 11 U.S.C. 1301 |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now Credit Acceptance Corporation ("Credit Acceptance") filing this its Motion For Relief From The Automatic Stay And Co-Debtor Stay ("Motion"), and in support thereof, would respectfully show:

1. That on September 27, 2021, Gloria Rodriguez filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

2. This Court has jurisdiction of the Motion by virtue of 11 U.S.C. 105, 361, 362, 1301 and 28 U.S.C. 157 and 1334.

3. On November 20, 2019, the debtor and the co-debtor Marvin Pagan entered into a retail installment contract for the purchase of a 2013 Hyundai Accent bearing vehicle identification number KMHCT4AE6DU586266. The contract was assigned to Credit Acceptance Corporation and the debtor(s) became indebted to Credit Acceptance in accordance with the terms of same. Credit Acceptance Corporation is designated as first lien holder on the title to the vehicle and holds a first purchase money security interest in the vehicle. A true copy of the contract and title inquiry to the vehicle are annexed hereto as Exhibits A and B.

4. As of April 26, 2022, the debtor's account with Credit Acceptance had a net loan balance of $8,722.44.

5. According to the April 2022 NADA Official Used Car Guide, the vehicle has a current retail value of $7,450.00.

6. The debtor's account is past due from January 20, 2022 to April 20, 2022 with arrears in the amount of $1,174.88.

7. Credit Acceptance Corporation alleges that the automatic stay and co-debtor stay should be lifted for cause under 11 U.S.C. 362(d)(1) and 11 U.S.C. 1301 in that Credit Acceptance lacks adequate protection of its interest in the vehicle as evidenced by the following:

    (a) The debtor is failing to make payments to Credit Acceptance and is failing to provide Credit Acceptance with adequate protection.

WHEREFORE PREMISES CONSIDERED, Credit Acceptance respectfully requests that upon final hearing of this Motion, (1) the automatic stay will be terminated as to Credit Acceptance to permit Credit Acceptance to seek its statutory and other available remedies; (2) that the co-debtor stay will be terminated as to Credit Acceptance to permit Credit Acceptance to seek its statutory and other available remedies; (3) that the stay and co-debtor stay terminate upon entry of this Order pursuant to the authority granted by Fed.R.Bank.P., Rule 4001(a)(3) and (4) Credit Acceptance be granted such other and further relief as is just.

Respectfully submitted,

/s/ William E. Craig
William E. Craig
Morton & Craig LLC
110 Marter Avenue, Suite 301
Moorestown, NJ 08057
Phone: 856/866-0100, Fax: 856/722-1554
Attorney ID: 92329
Local Counsel for Credit Acceptance Corporation